FOR THE NORTHERN DISTRICT OF GEORGIA
IN THE UNITED STATES DISTRICT COURT
ATLANTA DIVISION

```
UNITED STATES OF AMERICA      : CRIMINAL ACTION
                              :
          v.                  : NO. 1:12-CR-205-3-ODE-ECS
                              :
CORNELIUS BERNARD WILSON      :
```

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

This matter is before the Court on Defendant Wilson's motion to sever under Rule 14 of the Federal Rules of Criminal Procedure. [Doc. 126]. In his motion, he asserts that one of his co-defendants, Woodrow Dixon, has sworn in an affidavit that Wilson did not conspire to commit the crime in the indictment and that Wilson was "set up." He submits that Dixon also makes other statements exculpatory of Wilson in the affidavit. [Doc. 126, at p. 1-2]. Defendant submits that he will suffer compelling prejudice if tried with Dixon because essential exculpatory evidence would be unavailable to him. He contends that severance is the only proper remedy.

In general, a Defendant arguing for severance in this situation must show:

> (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial.

United States v. Browne, 505 F.3d 1229, 1269 (11th Cir. 2007)(quoting United States v. Cobb, 185 F.3d, 1193, 1197 (11th Cir. 1999). Defendant submits he can make the threshold showing required. He has proffered the substance of the testimony; the testimony would appear to be exculpatory; he has also proffered that Dixon's lawyer has advised that Dixon would testify for Wilson voluntarily once his case is adjudicated, and under subpoena once he is out of jeopardy. [Doc. 126, at p. 3].

Once the defendant makes the threshold showing above, the Court must then: "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." United States v. Baker, 432 F.3d at 11189, 1239 (11th Cir. 2005).

The government was directed to respond to the motion by September 10, 2014. The government responded and stated, as follows: "In light of the facts asserted by Defendant, the government would have no objection to a severance of the respective trials of Defendant Wilson and co-defendant Dixon, should both defendants proceed to trial. However, the government respectfully requests that this severance motion be deferred for disposition by the District Court for a decision prior to trial when the issue is ripe for a final ruling by the Court." [158, at p. 2].

2

Upon consideration of the above, the undersigned concludes that, if Defendant and Mr. Dixon were to go to trial jointly, the motion to sever should be granted, but a final decision on the motion should be deferred until it is clear that a severance will be necessary and that the circumstances have not changed. Accordingly, I **RECOMMEND** that, should the case go to trial with both Defendants jointly, then the motion to sever should be **GRANTED,** based upon the record as it now stands.  However, a final ruling should be deferred until it is apparent that circumstances have not changed and that severance is necessary .

It appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this **CASE** be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED and RECOMMENDED**, this 20th day of September, 2013.

*E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE